Charles C. KRANE, Plaintiff,

v.

The UNITED STATES of America, Defendant.

Civ. No. 1613.

United States District Court
S. D. Ohio, W. D.

Oct. 4, 1955.

Pickrel, Schaeffer & Ebeling, Dayton, Ohio, for plaintiff.

Hugh K. Martin, U. S. Atty., James E. Rambo, Asst. U. S. Atty., Dayton, Ohio, for defendant.

CECIL, District Judge.

The plaintiff herein, Charles C. Krane, filed a complaint against the United States of America, as defendant, to recover from it taxes and penalties which the plaintiff alleges were illegally collected by the Commissioner of Internal Revenue. There are five causes of action set forth in the complaint. Each cause of action is based upon a taxable calendar year, running from 1944 to 1948, both inclusive.

The defendant filed an amended answer, in which it set forth as a second and separate defense a claim that the Court lacks jurisdiction of the subject matter. The basis of this defense is that the claims made by the plaintiff were not valid and sufficient, in accordance with the provisions of law and the regulations of the Secretary of the Treasury thereunder. The case was submitted to the Court upon a motion for judgment upon this second and separate defense.

The facts, briefly stated, are that the Commissioner of Internal Revenue in the year 1949 made assessments against the plaintiff for the years in question.

These additional assessments, together with the penalties thereon, were paid to the Collector of Internal Revenue for the Southern District of Ohio on the 10th day of September, 1949. Thereafter, on the 31st day of December, 1949, the plaintiff filed claims for refunds. These claims were rejected by the Collector of Internal Revenue on the 29th day of August, 1950. This action was filed on August 28, 1952.

Section 3772, subdivision (a) (1) of Title 26, United States Code, then in force, provides that no suit shall be maintained for the collection of Internal Revenue tax alleged to have been illegally collected "until a claim for refund or credit has been duly filed with the Commissioner, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof."

Treasury Regulations 111, Section 29.-322–3, applicable hereto, is as follows:

"Sec. 29.322–3. Claims for Refund by Taxpayers. Claims by the taxpayer for the refunding of taxes, interest, penalties, and additions to tax erroneously or illegally collected shall be made on Form 843, and should be filed with the collector of internal revenue. A separate claim on such form shall be made for each taxable year or period.

"The claim must set forth in detail and under oath each ground upon which a refund is claimed, and facts sufficient to apprise the Commissioner of the exact basis thereof. No refund or credit will be allowed after the expiration of the statutory period of limitation applicable to the filing of such a claim therefor except upon one or more of the grounds set forth in a claim filed prior to the expiration of such period. A claim which does not comply with this paragraph will not be considered for any purpose as a claim for refund."

The claims made by the plaintiff are attached to the complaint and marked

Exhibits A, C, D, E and F. The claims are not under oath and allege that the excessive tax for each year is based on "(1) an excessive estimate by the Bureau of actual income for the year, and (2) an under-statement of deductions allowable." The plaintiff then further recites in the claims that details of the Government's computation are not available and that "since the assessment of deficiency against this taxpayer, the taxpayer has retained a certified public accountant to make another examination of all transactions for the year, and set up books in a form that would permit and facilitate audit by the Bureau. These books, together with supporting original records and affidavits, and the taxpayer's own computation of income and allowable deductions are now available for re-examination by the Bureau."

The amount which the plaintiff seeks to recover is the exact amount of the deficiency and the penalty thereon for each of the years inclusive. The claims do not state in detail the ground upon which the claim for refund is made. The taxpayer, in effect, by the explanation set forth in his claims, says that he now had an accountant set up books for him whereby his tax can be accurately ascertained and invites the Commissioner of Internal Revenue to make another examination.

The Commissioner had already made his examination and arrived at his conclusions. The result was presumed to be correct. The taxpayer had the choice of paying the deficiencies and the penalties thereon or of requiring the Government to sue him and establish its case by proof. In making payment, he had the right to sue the Government for the return of any tax illegally collected. In order to do this, it is necessary that he comply with the law and the regulations thereunder. For compliance in this case, it would seem that it would have been necessary for the plaintiff to refigure his own tax from his newly installed books or to have had his accountant do so and then to have made claim for any difference between the amount of his calculations and that of the Collector of Internal Revenue.

The complaint does not set up any specific basis for a refund. It merely recites the facts of the deficiency assessment, payment of the deficiency with the penalties, claim for refund and the rejection thereof. Counsel for plaintiff has not cited any authorities in support of his claim for the right to recover without setting forth the basis of the claim in detail. There are ample authorities cited in the Government's brief in support of the position of the Collector of Internal Revenue.

The motion of the defendant for judgment on the second and separate defense will be sustained and the complaint dismissed.

An order may be drawn accordingly.